Brevard, J.
The defendant was called on by the process to file his defence, on or before the first day °t the court. The plaintiff after the first day 0f the court, had a right to consider the defendant
.... ... in default, and dismiss his witnesses, if he had any attending, to disprove any defence he might expect the defendant to set up. . At any rate, after a decree had passed in his favour, he could not be ex- , , . „ . pected to be ready to controvert a defence aiter-wards made. To open the decree after it had passe£] ant} on ¿¡-¡e second day of court, in a case whee ' * *463 no defence had been filed, appears to me not only irregular, but beyond, the discretion of the court, Unless there should be some strong ground of fraud Or mistake to warrant it. It is not competent for this court, I think, from what appears before us, to undertake to say that justice has been done, .merely because from what appears we cannot pretend to say that injustice has been done. Justice may, or may not be done for any thing I can clearly know. The defendant may have had a sufficient defence, or the plaintiff might (if he had not been surprised) have been able to overthrow the defence by contrary evidence. I think the motion ought to pre-
Justiees Smith, Gbimke and Colcock concurred.
Nott, J.
I shall give no opinion as to the regularity of the proceedings. The plaintiff has no^ alleged that he was surprised by letting the defendant make his defence the second day of court, and after he had obtained a decree: nor does he complain of any error in the decree. I conclude, therefore, that justice has been done. He comes then to ask the aid of this court to do injustice: to give him the benefit of a legal advantage, which he had obtained contraiy to equity and good conscience. I will lend him no assistance in such a case.
Lord Mansfield says “ a new trial ought to be,, granted to obtain real justice, and not to gratify *464 litigious passions on every point of summum jits,H and cites a number of cases where the verdicts were against evidence, and the strict rule of law; but the court would not give a second chance of success to a hard action or unconscionable de-fence. (2 Morg. Essays, 54.) Again, it does not follow by necessary consequence) that there must always be a new trial in till cases where the verdict is contrary to the evidence 5 for it is possible that the verdict may be on the side of justice and the real merits of the case. (Derby vs. Dutchess of Mazarine, 2 Salk. 646.)
Justice Nares says, (i The court never granted a new trial when they clearly see that the merits have been fully and fairly tried.” 2 Morgan, 113. This case it appears to me, has been fully and fairly tried ; and I am, therefore, against granting anew trial.